# SUPREME COURT.

John Smith, appellant, agt. Asahel Matson, respondent.

*Jurisdiction — order for publication — service of process — absconding debtor.*

Where the proof tends strongly to establish the facts, of which a judge is required by the statutes to be satisfied (*Code*, § 135, &c.), in order to acquire jurisdiction to make an order for the publication of the summons, his acts in issuing such order are not void, although they may be erroneous and subject to be vacated on error or appeal.

Where the proof is sufficient to require the judge to decide as to the residence of the defendant, and as to where the summons and complaint should be directed to him by mail, and his direction in the order is erroneous in that particular, it is not void.

Such an order is valid until set aside; and the plaintiff, on compliance with it, is entitled to apply to the court for judgment.

It is competent for the court to order the filing of security for restitution, in case the defendant should become entitled to it.

The defendant is not precluded, by lapse of time, from moving to set aside the judgment entered against him by default, in such a case, as being void, upon the usual affidavit of merits and advice of counsel, although notice of the judgment was served upon him some thirteen years prior to the motion.

The jurisdiction of all courts and officers may be questioned whenever their proceedings or decisions are made the foundation of any claim.

*Quere :* Whether the statute, in relation to the service of summons by publication (*Code,* § 135), does not authorize, in the case of an absconding or concealed defendant, resident of this state, a general judgment, without previous attachment, or seizure of any property. If so, the court cannot, by general rule (34), deprive the party of the benefit of the statute.

*Fourth Department, Rochester General Term, April,* 1874.

*Before* Mullin, *P. J.,* E. Darwin Smith *and* Gilbert, *JJ.*

Smith agt. Matson.

MOTION by defendant to set aside the judgment entered by default against him in this case on the ground that it is void for want of jurisdiction in the officer granting the order for publication of the summons.

It will be necessary, in order to show the full grounds of the motion, as well as the opposition to it, to give the affidavits, &c., quite full, together with the briefs of counsel and the order of the court.

The first affidavit is that of the defendant, Asahel Matson,, sworn to on the 25th November, 1873, as follows :

---

JOHN SMITH, Appellant,
agt.
ASAHEL MATSON, Respondent.

---

MONROE COUNTY, *ss.:* Asahel Matson, the above-named defendant, being sworn, says : That he has learned, by an examination of the records of the clerk's office of Monroe county, that on or about the 16th day of August, 1860, the above action was commenced by the filing of a summons and complaint therein, in which the plaintiff claimed to recover against deponent $106.55 on a note and an assigned account; that no summons or complaint was ever served on deponent in this action, personally, but said records show that Horace J. Thomas, the plaintiff's attorney, procured an order for the service of the said summons by publication, on his and plaintiff's affidavits of an inability to serve it personally on deponent for reasons as stated in said affidavits on file in this action.

Deponent further says : That, as appears from said records, judgment was entered in this action in favor of the plaintiff, against deponent, on the 7th day of January, 1861, for $141.50 damages and costs, and on that day was docketed in the Monroe county clerk's office.

That no execution was issued on said judgment, as deponent is informed by the clerk of said county, and returned

to said office by the plaintiff until on or about the 10th day
of October, 1871, when the said Thomas, as attorney for the
plaintiff, issued an execution upon said judgment to the
sheriff of Orleans county, where . deponent then, and had
before then, resided for forty or fifty years, then next pre-
,ceding, against the personal property of the defendant, to
.collect said judgment and delivered the same to one Stephen
,Church, a deputy of the sheriff of Orleans county.

That, as it appears by the indorsement on said execution,
said deputy, on the 12th and 21st days of October, 1871,
levied upon and advertised and sold 207 bushels of wheat in
the barn, and belonging to deponent, in Clarendon, Orleans
county, in satisfaction of said execution.

Deponent further says that he has been an actual resident
of said town of Clarendon for fifty-seven years or more, last
past, and still resides there; and that he resided on the farm
in Clarendon, where said wheat was raised by him and taken
by said sheriff, since 1832 ; and was an actual resident with
his family on said farm during January, 1860, and carried on
said farm, and has never been absent from said town during
said period, except temporarily on short visits to his friends;
that in the year of 1860 he resided on said farm with his
family and carried it on; that on the 12th of June, 1860,
deponent, being in ill health, went only to the state of Ohio
to visit his relatives, leaving his wife and two children,
his son in charge of his farm; never went to California or
started for or intended to go there, or tell any one so, or try to
keep out of the way of anybody or anything, or the service
of papers on him ; and he returned to his said farm in Claren-
don on or about the 20th day of August, 1860, and deponent
was entirely ignorant of any proceedings or judgment
against him in the above action until some time after the
24th day of August, 1871; that when the levy and sale
was made of said wheat, deponent was temporarily absent
from his said farm, in the town of Ogden, Monroe county,
with his two sons, and when he returned he found his

granary had been broken open and 207 bushels of wheat taken and sold by the plaintiff, bid in by him, and taken to Brockport; that deponent never saw or heard of any notices for the sale of said property, and had no knowledge of any levy or any judgment; and the whole matter seemed to be kept secret from deponent until the wheat was sold and taken away; that deponent has been ever since inquiring into and trying to investigate the plaintiff's proceedings; and he has caused the clerk of Monroe county to examine the records and files of his office, and he has copied the judgment record and the proceedings in this action, and the clerk has certified that he can find no execution but the execution hereinbefore mentioned; and deponent can find no proceedings, on diligent inquiry and search, for any proceedings in any court, for leave to issue said execution; and no proceedings for that or any purpose have, at any time, been served on the deponent. And deponent further says that he has fully and fairly stated this case to his counsel in this action, Messrs. Tucker & Bowen, counsellors, practicing and residing at Rochester; and that he has a good and substantial defense upon the merits to said action, as he is advised by his said counsel after the statement aforesaid, and verily believes to be true.

The next is the affidavit of H. D. Tucker, sworn to on the 28th November, 1873, as follows:

JOHN SMITH, Appellant,
agt.
ASAHEL MATSON, Respondent,

MONROE COUNTY, ss.: H. D. Tucker, being sworn, says he is one of the attorneys for the defendant in this proceeding to set aside the judgment in this action; that he has recently examined, diligently and carefully, the files of judicial proceedings in the Monroe county clerk's office to ascertain whether an attachment had been issued and levied upon property of defendant in this action and

Smith agt. Matson.

returned; and also for proceedings to obtain such attachment and the undertaking required by law; and also for executions and applications to the court for leave to issue an execution upon said judgment; and he has examined the docket of said judgment, and he can find no attachment or proceedings for an attachment or undertaking, or affidavit of the issuing or levy of any attachment or proceedings for leave to issue an execution or any papers relating to such papers or proceedings, or any memorandum relating to the same in such action, except the execution referred to in the affidavit of the defendant hereto attached; that he has caused the clerk of said county to make diligent search for such proceedings, and he has been wholly unable to find them or any such proceedings, and has duly certified thereof.

And deponent further says that the only papers or proceedings in this action said clerk or deponent has been able to find on such search and examination are the summons and complaint filed August 16th, 1860; the affidavits of John Smith, plaintiff, and Horace J. Thomas, his attorney, to procure an order for service of the summons by publication; the order of publication made by the county judge, two affidavits of the publication of a summons in the action, and another affidavit of said Horace J. Thomas, that there had been no appearance of said defendant and of depositing the summons and complaint in the post-office; the order of reference, the report of the referee, the bill of costs and another summons and complaint in the same action, constituting a part of the judgment roll; the order for judgment and the judgment, and the execution referred to in the defendant's said affidavit. Deponent verily believes that the foregoing papers and proceedings are all and the only proceedings in this action; that the place of trial is Monroe county, and that the annexed affidavits, purporting to have been made by John Smith and Horace J. Thomas, are true copies of such affidavits, upon which the order of publication in this action was founded and on file in this action.

The defendant then produces the affidavit of John Smith, the plaintiff, sworn to on the 5th day of August, 1860, as follows:

JOHN SMITH, Appellant,
agt.
ASAHEL MATSON, Respondent.

MONROE COUNTY, *ss.:* John Smith, of Brockport, in said county, being duly sworn, deposes and says that he has a good cause of action against the above-named defendant for the amount due on a promissory note given by said defendant to said plaintiff of fifty dollars and interest, which said note was given to defendant for money borrowed by defendant; also upon an account for boots and shoes and repairing, together with orders paid to him, said defendant, of $56.55, with interest thereon, which said account has been duly sold, assigned and transferred to plaintiff by the owners thereof, Wicks & Benedict; that a summons and complaint in this action has been issued to the sheriff of Orleans county, where the said defendant resided up to about the first of June last, as deponent is informed and believes; that said sheriff made diligent search for said defendant for the purpose of serving said summons and complaint, and writes back to said deponent's attorney that said defendant cannot be found; that he has left for California, so that said summons and complaint cannot be personally served; and deponent verily believes the same to be true; that deponent cannot state at what particular place in California said defendant proposes to remain when he arrives there, but he is now on his way, and a sufficient length of time has elapsed for him to be at or very near San Francisco, which is, as near as can be ascertained, as to his whereabouts; and further says not.

Defendant also produces the affidavit of Horace J. Thomas, sworn to on the 15th of August, 1860, as follows:

JOHN SMITH, Appellant,
agt.
ASAHEL MATSON, Respondent.

MONROE COUNTY, ss.: Horace J. Thomas, of Brockport, being duly sworn, deposes and says that he is attorney for the plaintiff in this action; that he caused a summons and complaint to be issued in this action against the said defendant, on the sixteenth day of June last, to the sheriff of the county of Orleans, where the defendant resided up to the first day of June last; that said sheriff endeavored to have the said summons and complaint served, but could not for the reason defendant had absconded and left for California; that said sheriff thus wrote to deponent that he was unable to serve said summons and complaint by reason of his having left his county as aforesaid; that deponent was then directed by said plaintiff to go to the late residence of the defendant and ascertain what he could relative to said defendant; that deponent did so, and called upon the family of defendant, who were still there, and inquired for said defendant, and that said family refused to give deponent any information about him, only that he had left, was not there, but refused to give any information as to where he had gone; that deponent then inquired of his immediate neighbors and ascertained defendant had gone to California; that he was largely indebted to various persons, some of whom were endeavoring to find him for the purpose of serving process on him, but were unable to do so by reason of his departure; that defendant was a farmer and occupied a farm and carried it on, and had left his family in possession thereof—crops upon it, with team and farming utensils, a large quantity of fire-wood and other personal property; that he had pretended to execute and deliver a bill of sale of the same to his wife, and she claimed to hold said property by virtue thereof; that he had some interest in the farm occupied by him; and further deponent says not.

Smith agt. Matson.

Defendant's notice of motion comes next, as follows :

JOHN SMITH, Appellant,
agt.
ASAHEL MATSON, Respondent.

SIR.—Take notice, that on the foregoing affidavits, with copies whereof you are herewith served, and the judgment roll and the papers and proceedings on file in this action, in the Monroe county clerk's office, a motion will be made at the adjourned special term of this court, to be held at the court-house, in Rochester, on the second Monday of December, 1873, at 10 o'clock A. M. of that day, to set aside the judgment rendered in this action, on the ground that the court never acquired any jurisdiction to render said judgment ; that the affidavits, upon which the order of publication was made, were defective and wholly insufficient in the statement of facts sufficient to found said order upon ; that no attachment in the action was issued and levied on defendant's property, nor undertaking made and filed as required by law ; that the summons published was not the summons filed or ordered to be published, nor the summons on which the judgment was rendered, and for such other rule or order in the premises as the court may grant, with costs.

Yours,

TUCKER & BOWEN,
<i>Rochester.</i>

*November* 25, 1873.

*To* HORACE J. THOMAS, Esq.,
<i>Plaintiff's Attorney</i>, or
JOHN SMITH, <i>Plaintiff.</i>

Papers in opposition to the motion—first, the affidavit of the plaintiff, John Smith, sworn to on the 23d of December, 1873, as follows :

JOHN SMITH, Appellant,
agt.
ASAHEL MATSON, Respondent.

MONROE COUNTY, *ss.:* John Smith, the plaintiff in this action, being duly sworn, deposes and says that he lent and advanced to defendant the sum of fifty dollars at his request and took his note therefor; that defendant never has paid or offered to pay one cent thereof since he received said money, and that he is and has become totally insolvent; that the balance of damages included in the judgment in this action was for boots and shoes, and repairing same, worn by the defendant and his family, and for which, after he had bought the same, he never paid one cent, or offered to pay for the same, as deponent is informed and believes; that said account was duly transferred and assigned to him by Messrs. Wicks & Benedict, of Brockport, N. Y.; that deponent procured an execution on said judgment, which was issued by Thos. S. Dean, the then partner of deponent's attorney, Horace J. Thomas, the said Thomas being away at the time; that the same was deposited by deponent in the hands of Mr. Stephen Church, then one of the deputy sheriffs of Orleans county; and he, by virtue thereof, levied upon a quantity of wheat of defendant's, and advertised the same for sale by putting up public notices thereof as required by law, and deponent attended said sale on the day thereof; that a number of persons attended said sale, and said property was exposed for sale at public auction, and deponent bid in said property, he being the highest bidder therefor; that said sale was conducted openly, without any attempt at secrecy or anything of the kind; that in the autumn of 1861 deponent called on said defendant at his residence, in the town of Clarendon, after judgment had been entered in this action, and after defendant had returned into this state; that deponent called upon said defendant for

the purpose of obtaining his pay on said judgment, and so informed him; that deponent asked defendant if he was so he could pay that judgment; that defendant said he had not got the money; that deponent then asked him if he could not let him have some wood or hay upon it; that defendant said he had no wood, but he would let deponent have some hay, and he would draw it in a short time; that he should have paid it before, but money matters had been tight with him so he could not, but he would soon pay the whole of it; that substantially was the conversation on that occasion; that he said he had notice of said judgment, and that he had not been able to pay, because money matters had been tight with him, but he would pay the whole matter in a very short time; that deponent knows that said defendant never had any defense to said action on the merits, because he never paid deponent anything upon said note, nor upon said account for boots and shoes, as deponent is informed and verily believes; and further says not.

The affidavit of Edger Benedict, sworn to on the 23d of December, 1873, as follows:

|  |
| :--- |
| JOHN SMITH, Appellant, |
| agt. |
| ASAHEL MATSON, Respondent. |

MONROE COUNTY, *ss.:* Edgar Benedict, of Brockport, being duly sworn, deposes and says that he was and is one of the firm of Wicks & Benedict, and has been such for twenty-one years, last November; that he knows defendant, and that said firm had the account for boots and shoes, and for repairing same; that defendant never paid anything to said firm upon said account previous to the assignment thereof; that said firm, for value received, sold and assigned said demand and account to the plaintiff in this action; and further says not.

The affidavit of Horace J. Thomas, sworn to on the 23d December, 1873, as follows :

> JOHN SMITH, Appellant,
> agt.
> ASAHEL MATSON, Respondent.

MONROE COUNTY, *ss.* : Horace J. Thomas, of Brockport, in said county, being duly sworn, deposes and says that he was the plaintiff's attorney in this action; that judgment was entered as stated in the moving papers, and at that time, as therein stated; that soon after said judgment was entered, and after the defendant had returned to this state, deponent served a notice of judgment in this action upon the defendant, of which a copy is hereto annexed, by depositing a copy of said notice in the post-office at Brockport, inclosed in an envelope, and directed to the defendant by name, at Clarendon, Orleans county, N. Y., and, at the same time, paying the postage thereon ; that this deponent, within a few weeks thereafter, met the said defendant at Holley, in the said county of Orleans, and asked him if he had received said notice of said judgment, and he replied that he had ; that he should have paid said demands, but was unable to do so then, but he hoped before a great while he would be able to do so ; that he owed said demand ; that, as near as deponent can recollect the said conversation, it was some time in March, 1861, but deponent cannot be certain, as it was so long ago, but he knows it was after said judgment was entered, and after defendant had returned to this state ; that deponent is informed and believes that said sale was duly notified and conducted by Stephen Church, a deputy sheriff of Orleans county, and was conducted in an open, public manner, without any attempt at secrecy or anything of the kind ; and further deponent says not.

Smith agt. Matson.

Notice of judgment, as follows :

JOHN SMITH, Appellant,
agt.
ASAHEL MATSON, Respondent.

_Notice Judgment._—Judgment entered January 7th, 1861 :

Service by publication, for damages............    $110 04
Costs.............................  ............     31 46

Judgment.............................. .....    $141 50

Entered in Monroe county, and transcript sent to Orleans county, N. Y.

_To Asahel Matson, defendant:_ You will please take notice of the judgment above described, and that the same was entered as stated above, and that the summons herein was served by publication.

Dated _January 10th_, 1861.

Yours, &c.,

H. J. THOMAS,
_Attorney for Plaintiff._

The affidavit of Horace J. Thomas, sworn to on the 23d of December, 1873, as follows :

JOHN SMITH, Appellant,
agt.
ASAHEL MATSON, Respondent.

MONROE COUNTY, _ss.:_ Horace J. Thomas, of said county, being further sworn deposes and says that he, as the attorney of plaintiff, on the 11th day of January, 1861, issued an execution, in due form of law, on the judgment in this action, to the sheriff of Orleans county, and the same was sent by mail to the said sheriff, on.

Smith agt. Matson.

the said 11th day of January, 1861, and he was informed by said sheriff that the same was afterwards returned unsatisfied; that deponent kept a register of the proceedings in said cause, and he made memorandums of the proceedings in said cause, and under date of January 11th, 1861, he entered as follows, viz. : " Sent transcript and execution to Orleans ; " that deponent understood at that time that said defendant was insolvent, and, so understanding, after he issued said execution paid no further attention to it ; that on the 10th day of October, 1871, deponent's partner issued another execution upon said judgment to Orleans county at the request of the plaintiff ; that afterwards he was informed that the then sheriff had levied on some wheat ; that deponent did not attend the sale of said property, but afterwards he was informed by said plaintiff that he bid in said property ; and further says not.

Then comes an affidavit of A. L. Mabbitt, clerk of the county of Monroe, sworn to December 28, 1871, stating that the annexed copy of an execution in the cause, dated October 10, 1871, is the only execution in the cause he could find on file in his office. This execution was indorsed by plaintiff's attorney to levy $141.50, with interest from January 7, 1871, and directed to the sheriff of Orleans county, who made the following indorsements upon it :

By virtue of the within execution, I have levied on 200 bushels of wheat, the property of defendant.

S. CHURCH.

*October 12th,* 1871.

By virtue of the within execution, I have levied on seven bushels of wheat, the property of defendant.

S. CHURCH.

*October 21st,* 1871.

The within execution paid and satisfied October 30, 1871.

S. CHURCH,

*Deputy Sheriff.*

Smith agt. Matson.

Then comes the adjustment of plaintiff's costs at $31.46· Then the affidavit of A. L. Booth, sworn to December 24, 1860, stating that the copy of the summons in the cause annexed was published six weeks in the Rochester Evening Express ; also the affidavit of Wm. H. H. Smith, showing the publication of the same summons annexed for six weeks in the Brockport Daily Advertiser. Then the affidavit of Horace J. Thomas, sworn to December 8, 1860, as follows :

JOHN SMITH, Appellant,
agt.
ASAHEL MATSON, Respondent.

MONROE COUNTY, *ss. :*  Horace J. Thomas, of Brockport, in said county, being duly sworn, deposes and says that a summons has been duly published in two newspapers agreeably to an order of this court made in this action and entered with the clerk of this court; that no appearance of the defendant has been entered, nor has any answer or other pleading been served on deponent therein; that immediately on the granting of the order for publication deponent deposited a copy of the summons and complaint in this action in the post-office at Brockport, aforesaid, directed to the defendant at San Francisco, California, the place of residence of said defendant, as near as the same could be ascertained, and, at the same time, paying the postage thereon ; that previous to the granting of said order the complaint in this action had been duly filed at Rochester with the clerk of this court; and further says not.

Next comes the order of the county judge, as follows :

JOHN SMITH, Appellant
agt.
ASAHEL MATSON, Respondent.

MONROE COUNTY, *ss. :*  It appearing to my satisfaction, by affidavit, that the defendant cannot, after due diligence, be

found within this state, and that a cause of action exists against him, the said defendant, and that said defendant has property within this state, I do hereby order that the summons herein be published in two newspapers printed in the county of Monroe, to wit, the Rochester Express and the Daily Advertiser, at Brockport, once in each week for six weeks; and that a copy of the summons and complaint be forthwith deposited in the post-office, directed to the said Asahel Matson, at San Francisco, state of California, or that personal service of copies of said summons and complaint be made on said defendant.

JOHN C. CHUMASERO,<br>
<em>Monroe County Judge.</em>

Dated *August* 16*th*, 1860.

Next come copies of the summons and complaint, demanding judgment for $106.55, with interest, &c. Next, copy order referring cause to Wm. H. Bowman, Esq., of Brockport, and copy of his report in favor of the plaintiff for $110.04, with costs, dated December 31, 1860. Next, an order that plaintiff's attorney, on filing the report of the referee, be at liberty to enter judgment in the action. Next, the entry of judgment for $110.04 damages and $31.46 costs—amounting to $141.50. Next, the order of the special term setting aside and vacating the judgment, as follows:

At a special term of the supreme court held at Rochester, Monroe county, on the 31st day December, 1873:

Present—Hon. DAVID RUMSEY, <em>Justice.</em>

SUPREME COURT.

| JOHN SMITH |
| :---: |
| agt. |
| ASAHEL MATSON. |

On reading and filing the affidavits and moving papers on the part of the defendant, and those of the plaintiff, opposed,

Smith agt. Matson.

and after hearing H. D. Tucker, Esq., for motion, and H. J. Thomas, Esq., opposed, ordered that the judgment of the plaintiff in this action, in favor of the plaintiff against the defendant, be and the same is hereby vacated, set aside and held for naught, and that defendant recover ten dollars costs of this motion. The judgment hereby vacated and set aside was entered and docketed in the Monroe county clerk's office on the 7th day of January, 1861:

For damages...............................   $110 04
Costs.....................................     31 46
                                            _____
   Judgment......................... ........  $141 50
                                            ========

B. F. FREEMAN,
    *Sp. Dep. Clerk.*

Next, the notice of appeal to the general term, as follows:

IN SUPREME COURT— COUNTY OF MONROE.

| JOHN SMITH agt. ASAHEL MATSON. | *Notice of appeal from an order.* |
|---|---|

Please to take notice that the plaintiff in the above-entitled action appeals from an order made therein on the 31st day of December, 1873, by the special term of the supreme court, setting aside the judgment herein to the general term of this court.

                    Yours, &c.,
                THOMAS & DEAN,
                    *Attorneys for Plaintiff.*
*To* TUCKER & BOWEN, Esqrs.,
        *Attorneys for Defendant,* and
    JOHN H. WILSON, Esq.,
        *Clerk of the County of Monroe.*

*H. R. Selden*, for plaintiff, appellant.

The judgment was entered by default, on publication of the summons against the defendant, as an absconding debtor, having departed from the states " with intent to defraud his creditors, or to avoid the service of a summons," within *subdivision* 2 *of section* 135 *of the Code of Procedure*.

The only grounds of objection to the judgment, at the special term, were :

1st. That the affidavits were insufficient to give the judge jurisdiction to make the order of publication.

2d. That the order of publication was insufficient, as it did not direct the summons and complaint to be mailed, directed to Clarendon, the former place of residence of the defendant, and from which he had absconded.

We understand that the order appealed from proceeded on the last-mentioned ground.

*First.* The affidavits were amply sufficient to give the judge jurisdiction (*Affidavits John Smith, fols.* 20 *to* 24 ; *affidavits Horace J. Thomas, fols.* 25 *to* 29).

The affidavits show the following facts :

1. That the plaintiff had a good cause of action against the defendant.

2. That a summons and complaint in this action were duly issued to the sheriff of Orleans county, " where the defendant resided up to about first of June," 1860, for service.

3. " That the said sheriff endeavored to have the said summons and complaint served, but could not, for the reason defendant had absconded and left for California."

4. That the sheriff wrote to the plaintiff's attorney, that he had made diligent search for the defendant, for the purpose of serving said summons and complaint, and that defendant could not be found, for the reason that he had absconded and left for California.

5. That plaintiff's attorney, then at the request of plaintiff, went to " the late residence of the defendant to

ascertain what he could," relative to him; found some of his family still there, who refused to give any information about him, only that he had left—was not there, but refused to give any information where he had gone.

6. The attorney then ascertained, from the immediate neighbors of the defendant, that he had gone to California; that he was largely indebted to various persons, some of whom were endeavoring to find him, for the purpose of serving process upon him, but were unable to do so by reason of his departure.

7. That before leaving he had executed a bill of sale of what property he left to his wife, who claimed to hold by virtue thereof (*Von Rhade* agt. *Von Rhade,* 2 *N. Y. S. C. R.*, 491–495).

These affidavits are more than sufficient to give the judge jurisdiction to make the order; all that is requisite for this purpose is, that the affidavits should *tend to establish the facts,* of which the judge is required, by the statute, to be satisfied; and when such affidavits are produced, the judge acquires jurisdiction, and his acts are not void, although they may be erroneous and subject to be vacated on error or appeal (*Wells* agt. *Thornton,* 45 *Barb.,* 390–394; *Collins* agt. *Ryan,* 32 *id.,* 647; *Matter of Faulkner,* 4 *Hill,* 598, 601, 602; *Van Alstine* agt. *Erwin,* 1 *Kern.,* 340, 341; *Skinnion* agt. *Kelley,* 18 *N. Y.,* 355).

Within the authority of these cases the affidavits were sufficient, beyond all question, to give to the county judge jurisdiction to pass upon the question whether the order of publication should be made or not, and his order, therefore, was not void, whether the decision was such as this court would or would not have made on the same evidence.

*Second.* The affidavits were not only sufficient to give the county judge jurisdiction, so that his order was not void, but were entirely sufficient to sustain the order, even if an application had been made at that time to set aside the proceedings.

The affidavits furnished sufficient *prima facie* evidence of

all the facts which the statute required to be shown to the satisfaction of the judge, to entitle the plaintiff to the order.

I will not repeat the affidavits, but refer the court to the above synopsis of them, and ask the court to compare them with the statute.

*Third.* The order made by the judge was in all respects correct, and sufficient to justify the judgment afterwards entered in pursuance of it.

No objection can be made to the order, except in the *direction* that the copy of the summons and complaint should be mailed to the defendant at San Francisco, California.

The claim is, that it should have been directed to him at Clarendon, where he had resided, and where his family remained, on the ground that that was "his place of residence."

We deny that Clarendon was his place of residence, as shown by the affidavits. The affidavits show that Orleans county was " where the defendant resided up to about the first of June." That that was "the late residence of the defendant." The summons was issued on the sixteenth of June, but could not be served, "for the reason that defendant had absconded and left for California." "That he was largely indebted to various persons, some of whom were endeavoring to find him, for the purpose of serving process on him, but could not, by reason of his departure."

That his family refused to give any information where he was; that he had made a bill of sale of his property to his wife, who claimed to hold it by virtue thereof.

This proves, *prima facie*, the absconding of the defendant to California, to defraud his creditors, or to avoid the service of process. This proof is all the case admits of, as absconding debtors do not advertise their intentions, or take witnesses along with them to be sent back and testify to their movements and designs.

"A liberal indulgence must be extended to these proceedings, even upon questions of jurisdiction, if we would not render them a snare rather than a beneficial remedy " (*Per*

Denio, *J.*, 11 *N. Y.*, 341; *Van Alstyne* agt. *Erwin*). The affidavits in this case were not so strong as in the present case, but were held sufficient, by all the courts, to sustain an attachment against the defendant as an absconding debtor.

So in this case, the *affidavits* were *sufficient to show* (however the fact might be) that Matson had absconded to California.

The fact that his family remained in Clarendon was not *conclusive* on that question.

If he absconded to California *without* an intention to return, his residence no longer remained in Orleans county.

The judge, from the affidavits, might well have concluded, and no doubt did so, that such was his intention. His order was therefore correct.

We may concede that the order to mail the summons and complaint to San Francisco was of no service, because that was not shown to be his residence. But it was shown by the affidavits that that was as near as his residence could be ascertained, which was equivalent to saying that his residence could not be ascertained, and *that rendered any order to serve by mail unnecessary* (*Code*, § 135).

It is no answer to this position to say that then Matson was not "a resident of this state," within subdivision 2 of section 135, when the summons was issued.

He was "a resident of this state" *when he absconded*, and that is all that the statute requires. It was intended to apply to just such a case as this appears on the papers to be, the case of a debtor absconding and taking his residence with him.

The statute does not contemplate that in such a case the summons and complaint shall be mailed to him at his "late residence."

If his residence, *when the order is applied for*, is known, or can with reasonable diligence be ascertained, the order must provide for service by mail addressed *to such place of*

*residence.* If not known, or not capable of being ascertained, then no mail service is required.

That we used due diligence to ascertain the residence, and failed, is clearly shown. We went to his "late residence," inquired of such of his family as remained there, and of his late neighbors, without success.

*Fourth.* But whether the judge decided correctly or not, the affidavits were sufficient to require him to decide the question where the summons and complaint should be directed, and his order, though possibly erroneous, was not void (*Pinckney* agt. *Hageman,* 4 *Lans.,* 374; *Van Alstyne* agt. *Erwin,* 11 *N. Y.,* 340, 341).

In this case, Denio, J., says: "It must be kept in mind, that the law has committed to the county judge, and not to us, the duty of determining as to the cogency of the proof. The criticism which the defendant's counsel asks us to indulge in would, if generally applied to such proceedings, render them extremely hazardous, not only to the parties setting them on foot, but to the officers concerned in their execution; for when we determine that a sufficient case was not made for the exercise of the judgment of the officer, we must consider the judge and all the parties trespassers in whatever they do."

The opinion of judge Smith, in *Wells* agt. *Thornton, above cited* (45 *Barb.,* 393, 394), covers this case. As the judge there said, "if he" (the county judge) "erred in his decision upon such evidence, *it was a judicial error* which might be reviewed and rectified upon appeal, or upon motion to set aside the order and proceedings, but could not be questioned in a collateral proceeding."

If there was any error in the order, it was the error of the judge, and was valid until set aside—of course, *on our compliance* with it, it entitled us to apply to the court for judgment (*Code,* § 246, *sub.* 3).

It was competent for the court to order the filing of secu-

rity for restitution, in case the defendant should become entitled to it (*Id.*).

There has been no claim that our affidavits of publication, etc., did not show a compliance with the order; no complaint of that kind is made in the notice of motion (9 *How.*, 35, *Rule* 46).

*Fifth.* The judge who made the order and the court that rendered the judgment having had jurisdiction, the defendant is not now entitled to have the proceedings set aside for error or irregularity—if there were any in obtaining the judgment.

The judgment was entered January 7th, 1861.

Soon after the judgment was entered, a perfect notice of the same was mailed by the plaintiff's attorney, directed to the defendant at Clarendon, Orleans county—to which place he had returned—with notice that "*the summons was served by publication.*"

In *March*, 1861, the defendant met the plaintiff's attorney, and in answer to the inquiry if he had received notice of said judgment, replied that he had; that he should have paid the said demands, but was unable to do so then, but hoped before a great while to be able to do so; that he owed said demand.

Now, *at the end of fourteen years*, he moves to set aside the judgment for error or irregularity.

He makes the ordinary general affidavit of merits, which would probably be justified by the statute of limitations; and the advice of counsel was probably based solely on that ground. He makes no attempt to answer the specific facts stated in the affidavit on which the order of publication was obtained, showing the nature and justness of the plaintiff's claim.

Nor does he attempt to answer the facts proved before the referee (*Freeman on Judgments*, § 102).

By the section of the Code under which the publication was made (§ 135), the defendant is expressly "allowed to

Smith agt. Matson.

defend after judgment, *or at any time within one year after notice thereof*, and within seven years after its rendition, on such terms as may be just" (*Bank of Genesee* agt. *Spencer*, 18 *N. Y.*, 154).

We insist that when the judgment is not void, but valid, though errors or irregularities may have occurred in the proceedings, the defendant is limited by this provision to one year after notice of the judgment for obtaining relief, either *on that account or on the merits* (*Depew* agt. *Dewey*, 2 *N. Y. S. C., Rep.*, 515).

It certainly confines him to such year for his application *for relief on the merits*, and there *is* much *greater propriety in the same limitation for relief against technical errors or irregularities*, and the statute *in terms embraces them all.*

And this limitation, thus construed, accords with the general rules in relation to such motions (2 *R. S.*, 359, § 2; *Code*, § 174; *Cook* agt. *Dickerson*, 1 *Duer*, 679–687; *Park* agt. *Church*, 5 *How.*, 381; *Van Benthusen* agt. *Lyle*, 8 *How.*, 312).

If the defendant's motion was not barred by the express provisions of the statute, it is so by the general practice of the court, which requires such motions to be made promptly (*Persse & Brooks* agt. *Willet*, 14 *Abb.*, 119; *Mayor of N. Y.* agt. *Lyons*, 24 *How.*, 280, 282; 10 *Paige*, 408; *Graham's Practice*, 2d ed., 702).

*Sixth.* If the defendant is entitled to any relief, it is to be allowed to come in and answer the complaint, and to have the question of his liability for the plaintiff's claim duly tried, the judgment in the meantime to remain as security (*Von Rhade* agt. *Von Rhade*, 2 *N. Y. S. C. R.*, 491–498).

*If he really owed the debt, there are no merits whatever in his application.*

We are willing to have that tried if he wants to try it; but as he does not pretend by his affidavit that he did not

owe the debt, we think he lays no basis for any such equitable relief.

If he should be admitted to defend, however, he should be prohibited from setting up the statute of limitations (*Hawes* agt. *Hoyt*, 11 *How.*, 454).

Not *void* though irregular (6 *N. Y.*, 254; *Curtis* agt. *Hitchcock*, 10 *Paige*, 399, 408; *Potter* agt. *Rowland*, 8 *N. Y.*, 450, 451; *People* agt. *Norton*, 9 *id.*, 178).

Since these points were printed, my attention has been called to Rule 34 (*Rule* 25 *of* 1858) which I had overlooked.

*First.* The validity of Rule 34 is open to some question :

1. It is doubtful whether the statute in relation to the service of summons by publication (*Code*, § 135) does not authorize (where the defendant is an absconding or concealed resident of the state) a general judgment, without previous attachment or seizure of any property.

If that be the true interpretation of the statute, the court cannot by general rule deprive the party of the benefit of the statute.

The difference between subdivisions 2 and 3 of section 135 would seem to justify this position. Under subdivision 3, the *non*-resident cannot be proceeded against *unless he has property in this state.*

But under subdivision 2, the absconding or concealed *resident* can be proceeded against, *whether he has any property in the state or not.* If this be so, Rule 34 cannot apply to cases under *subdivision* 2, but only to cases under *subdivision* 3. *Subdivision* 3 *of section* 246 tends to support our position.

2. That part of Rule 34 which requires the filing of security, for restitution, as the condition of entering the judgment, cannot be reconciled with the last paragraph of section 246 of the Code.

That paragraph gives the discretion to the court that pronounces the judgment, to be exercised in each particular case according to its circumstances. It is at least questionable

whether the court can, consistently with the statute, *adjudicate in advance* every such case that can arise.

*Second.* But conceding the perfect validity of Rule 34, the failure to observe it by the court, in pronouncing judgment, renders such judgment erroneous or irregular, but not a nullity (*McNamara on Nullities and Irregularities,* 4, 5 *to* 9, 87, *Law Library*). At page 7, COLERIDGE, J., is quoted as saying: "It is difficult sometimes to distinguish between an irregularity and a nullity; but I think the safest rule to determine what is an irregularity and what is a nullity is to see whether the party can waive the objection., If he can waive it, it amounts to an irregularity; if he cannot, it is a nullity." *The case stated by way of illustration fully sustains our position in this case* (*Horton* agt. *Auchmoody,* 7 *Wend.,* 202, 203; *Relyea* agt. *Ramsay,* 2 *id.,* 604; *see cases cited on printed points, p.* 3). The true rule must be that where the court has jurisdiction to render *any judgment,* the entry of a wrong judgment is an error or irregularity merely, and not a nullity. In cases of doubt, courts hold the proceedings to be irregularities rather than nullities (*McNamara, p.* 6).

*Third.* If the judgment was erroneous or irregular merely, and not a nullity, then the defendant was too late with his motion (*See printed point V., and statutes and cases there cited; Soulden* agt. *Cook,* 4 *Wend.,* 217).

The defendant has no merits, and after the notice given him thirteen years ago, and what he then said, he should not be relieved at this day.

*H. D. Tucker,* for defendant, respondent.

*First.* The order for service of the summons in the action, by publication and deposit in the post-office, was made without proof to the officer granting it of material facts necessary to give it validity, and the order was void.

The affidavits upon which the order was made were plaintiff's and that of his attorney, Horace J. Thomas. The order

was granted under subdivision 2 of section 135 of the Code. These affidavits are defective in this, to wit:

1. They do not show that the defendant could not, after due diligence, be found within the state. What the sheriff wrote who had the summons, and what defendant's neighbors said to the plaintiff's attorney on this question, are hearsay and not legal facts. The attorney does not state conversations with the neighbors, but gives his own conclusions — what he "ascertained" from his conversations with them. This is not evidence upon which the judge had the power, judicially, to act (*Campbell* agt. *McCormick*, 1 *How. P. R.*, 251; *Mosher* agt. *The People*, 5 *Barb.*, 575, 579; *Matter of Faulkner*, 4 *Hill*, 598, 601; *Miller* agt. *Brinkerhoof*, 4 *Den.*, 118; *Staples* agt. *Fairchild*, 3 *Com.*, 41, 46).

He must be satisfied, as a judge, upon legal evidence and proof. The defect is that the affidavits do not state evidence or proof tending to establish any of the particulars required by the Code, except the cause of action and the issuing of the summons. Their statements were substantially on information and belief. This is not evidence or proof of the facts as required.

If there be a total defect of evidence as to any essential fact necessary to give a court or officer jurisdiction for issuing process, the process will be declared void in whatever form the question may arise (*Staples* agt. *Fairchild*, 3 *Com.*, 46; *Broadhead* agt. *McConnell*, 3 *Barb.*, 175, 190, 191).

2. The affidavit of Thomas, if it shows anything, proves that the defendant was a resident of the county of Orleans, June 1, 1860, and it states no fact tending to show that he did not continue to reside there at the date of the affidavit, August 15, 1860, or that he did not reside there continuously. But, on the contrary, the facts sworn to show that he " was a farmer and occupied a farm and carried it on, and had left his family in possession thereof, crops upon it, with team and farming utensils, a large quantity of firewood, and other personal property, and had some interest in the farm occupied by

Smith agt. Matson.

him," were strong if not conclusive evidence that he then resided there. Therefore, as defendant's place of residence was known to the plaintiff's attorney to be in Orleans county, as shown by his affidavit, and as there was no evidence that he resided at San Francisco, California, the order, directing the summons and complaint to be sent to him through the post-office at that place, was void (*Code*, § 135; *Hallet* agt. *Righters & Salter*, 13 *How. P. R.*, 43 ; *Warren* agt. *Tiffany*, 17 *How. P. R.*,106 ; *Tously* agt. *McDonald*, 32 *Barb.*, 605).

3. The affidavits did not show or state any fact tending to show that the defendant had departed from this state with intent to defraud his creditors, or to avoid the service of a summons, or that he kept himself concealed therein, with the like intent. Facts and the intent should be stated, which are wanting here (*Kelly* agt. *Archer*, 48 *Barb.*, 68).

*Second.* By section 135 Code, and Rule 34, which by law is made a part of that section (*Code*, § 470), no judgment could be entered without showing by affidavit that an attachment had been issued and levied upon property belonging to defendant, nor without filing the undertaking required. This was not done, and the judgment was wholly without vitality for any purpose. Judgments entered upon service by publication are in the nature of a proceeding *in rem.* It could, in no event, affect any property of the defendant, except such as had been taken by virtue of an attachment regularly issued in the action ( *Warren* agt. *Tiffany*, 17 *How.*, 106, 108).

*Third.* The clerk had no power to enter judgment except by special order of the court. No special order was applied for or made at special term (*Hallet* agt. *Righters*, 13 *How.*, 43, 46.; *Code*, § 246, *sub.* 3).

The records of judgments in these cases should show jurisdiction upon their face. They are in the nature of special proceedings, and nothing can be intended in their favor on the point of jurisdiction. All records of judgments should show jurisdiction of the person (*Thatcher* agt. *Powel*, 6 *Wheat.*, 127 ; *Smith* agt. *Fowle*, 12 *Wend.*, 11).

Smith agt. Matson.

The court in this case never having acquired jurisdiction of the defendant, the judgment is utterly void (*Hallet* agt. *Righters, supra, and cases there cited*).

The judgment is a cloud upon the defendant's title to his farm, and it is a matter of right to have it set aside, though more than a year has elapsed (*Hallet* agt. *Righters, supra*).

It is a general principle that the jurisdiction of all courts and officers may be questioned whenever the proceedings or decisions of such courts or officers are made the foundation of any claim (*Broadhead* agt. *McConnell*, 3 *Barb.*, 175, 183, *and cases there cited; Man. Mech. Bank* agt. *Boyd*, 3 *Den.*, 258; *Dedrick's· Ad'rs* agt. *Richley*, 19 *Wend.*, 108).

## SUPREME COURT — State of New York.

At a general term of the supreme court, fourth judicial department, held at the court-house, in the city of Rochester, Monroe county, on the 29th day of April, 1874,

Present—Hon. Joseph Mullin, *Presiding Justice.*
E. Darwin Smith,
Jasper W. Gilbert,
*Associate Justices.*

JOHN SMITH, *Appellant,*
agt.
ASAHEL MATSON, *Respondent.*

The appeal from the order of the special term, setting aside the judgment in the above-entitled action, having been brought to a hearing before this court; after hearing Henry

Smith agt. Matson.

R. Selden, Esq., for the appellant, and H. T. Tucker, Esq., for the respondent, it is ordered that the said order of the special term be reversed in all things, with ten dollars costs of special term and ten dollars costs upon reversal.

(Copy.)                    B. F. FREEMAN,
                                    *Sp. Dep. Clerk.*